IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALBERT ANTHONY DOBROWOLSKI,

      Appellant,

 v.                                   Case No.  5D15-2740

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 3, 2016

Appeal from the Circuit Court
for Volusia County,
Leah R. Case, Judge.

James S. Purdy, Public Defender,
and Noel A. Pelella, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman ,
Assistant Attorney General, Daytona
Beach, for Appellee.


WALLIS, J.

Albert Anthony Dobrowolski ("Appellant") appeals his convictions for burglary of

an unoccupied dwelling, dealing in stolen property, and grand theft. After trial, the jury

found Appellant guilty on all counts. The trial court sentenced Appellant to three

concurrent incarceration terms: 30 years, with a 15-year minimum-mandatory prison

releasee reoffender sentence (burglary of a dwelling); 10 years (grand theft); and 30 years (dealing in stolen property).

The State properly concedes that Appellant's dual convictions for grand theft and dealing in stolen property violate section 812.025, Florida Statutes (2014), which provides:

> Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.

Because the trial court convicted Appellant for offenses which occurred in the same scheme or course of conduct, in violation of section 812.025, we vacate the lesser conviction for grand theft. See Melendez v. State, 135 So. 3d 456, 461 (Fla. 5th DCA 2014). We affirm in all other respects.

AFFIRMED in part; VACATED in part.

COHEN and LAMBERT, JJ., concur.